Of Counsel:
Jerry I. Wilson
Attorney At Law
A Law Corporation

JERRY I. WILSON   1961
Suite 1450, 220 South King Street
Honolulu, Hawaii  96813-4542
Telephone:  (808) 536-9307

Attorney for Defendant
  LARRY CLIFFORD (03)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 04-00089DAE-03 |
| Plaintiff, | DEFENDANT LARRY CLIFFORD'S FIRST SUPPLEMENTAL SENTENCING STATEMENT; CERTIFICATE OF SERVICE |
| vs. | |
| LARRY CLIFFORD (03), | |
| Defendant. | Sentencing<br>Date:  Thursday, April 28, 2005<br>Time:  9:45 a.m.<br>Chief Judge:  DAVID ALAN EZRA |

**DEFENDANT LARRY CLIFFORD'S**
**FIRST SUPPLEMENTAL SENTENCING STATEMENT**

Comes now Defendant (03), LARRY CLIFFORD, by and through his CJA court-appointed attorney, JERRY I. WILSON, and hereby supplements his original Sentencing Statement filed on December 27, 2004, and his First Amended Sentencing Statement filed on January 10, 2005, by requesting this Court to depart from the 24-30 months' range of imprisonment suggested by the advisory United States Sentencing Guidelines ("USSG"), paragraph 59, page 14, of the final PRESENTENCE INVESTIGATION REPORT ("PSR"), to a term of imprisonment

of no more than six (6) months, for the reasons set forth in the draft and final PSRs and as set forth as below.

I.  **BACKGROUND**

LARRY ACY CLIFFORD was born on May 23, 1973, in Bitburg, West Germany. He is black. His father is a retired Air Force 2-Star General who owns and operates a car dealership in Blythe, California, where Larry grew up from ages 14 to 18.

Larry graduated from Palo Verde High School in Blythe on June 6, 1991, with a 3.63 grade point average -- he ranked 8th in a class of 169 students at the time of graduation.

Mr. Clifford attended the United States Air Force Academy between June 29, 1992, and April 8, 1994, but left before graduation due to a violation of the Cadet Honor Code. He then attended the University of Colorado between August, 1994, and February, 1995, and eventually graduated from the University of Nevada at Las Vegas ("UNLV") on December 15, 2001, with a Bachelor of Arts degree in Criminal Justice.

Larry has had a satisfactory work career since his graduations from high school and UNLV and also in between. He is a responsible father and "voluntarily" pays child support of $300.00 a month. Therefore, he has **NEVER** sought or needed to support his life-style by the sale of illegal drugs (see PSI of co-Defendant, Ernie Saldua, Jr., and the transcript of Mr. Saldua's sentencing by this Court on January 18, 2005).

As set forth in the PSRs and our Sentencing Statements, Larry Clifford came to Hawaii on a vacation with his employer and

friend, Ernie Saldua, Jr.  He had **NO** prior knowledge of Mr. Saldua's intention to purchase and distribute six (6) kilograms of cocaine or that Mr. Saldua had sold cocaine to co-Defendant Rocky DeMello "between 3 and 5 times...in 2-kilogram quantities."  Final PSR, paragraph 17, page 8.  Indeed, it appears that he did not even know Mr. DeMello.  However, shortly before the drug transaction which led to his arrest on February 8, 2004, Mr. Saldua somehow persuaded Larry to hold the big bag of money outside of hotel room 445 at the Ohana Keauhou Beach Resort ("OKBR") -- Saldua was then arrested upon exiting the room, and Mr. Clifford was arrested a few minutes later.

Therefore, based upon this limited involvement in this crime, and the sentencing of Mr. Saldua to thirty-six (36) months of imprisonment, we ask this Court to sentence Mr. Clifford to no more than six months of incarceration.

II.  **THE SENTENCE**

This counsel has very little knowledge of the activities of Mr. Saldua and none regarding those of Mr. DeMello.  However, the PSRs indicate that Mr. Clifford's co-Defendants had previously trafficked in multi-kilogram quantities of cocaine whereas this was Mr. Clifford's first chargeable connection with the sale of illegal drugs.  Therefore, the United States Probation Office agreed with us that a 4-level decrease is applicable pursuant to USSG § 3B1.2(a) --

-3-

> In this regard, the evidence in this case does not indicate that the defendant had any knowledge of co-defendant Saldua's drug distribution network. Saldua made all of the arrangements for the drug transaction, and the defendant accompanied him, carrying the bag of money. The defendant did not participate in the transaction except for carrying the bag and waiting for Saldua in the hallway of the hotel. In addition, the defendant's role in the instant offense was not critical for completion of the drug transaction.

PSR, ¶ 26, p. 8.

\*   \*   \*

> <u>Response</u>.  After a review of the investigative materials, the Probation Office agrees that the defendant satisfies the criteria for a 4-level mitigating role adjustment. The defendant was the least culpable of the participants involved in the illegal activities, and he had no knowledge of the structure of the enterprise or the activities of others. The defendant's role was also not critical to the completion of the drug transaction.

PSR, p. 2A.

While it is true that Mr. Clifford did receive the 4-level adjustment as a minor role participant, 24 to 30 months of imprisonment is simply **NOT** warranted in his case. Saldua told this Court that he needed the money for gambling debts, or so I heard, whereas Mr. Clifford held the bag at the request of his so-called "friend" and employer. He had **NEVER** trafficked in illegal drugs

-4-

before and made nothing from the sale, whereas Saldua, who received $144,000.00 from DeMello, stood to make a profit of **$36,000.00**, tax free! It also appears that Saldua, who had distributed kilograms of illegal drugs before, had made other thousands of dollars in drug profits, again, tax free. Therefore, it seems ludicrous to sentence Mr. Clifford to a term of imprisonment anywhere near that given to Mr. Saldua or Mr. DeMello.

### III. <u>CONCLUSION</u>

Larry Clifford is a young, intelligent and affable man who made a terrible mistake in trying to help his friend and employer. His sentence should reflect his role and responsibility for his misconduct which were much less than that of his co-Defendants. Therefore, we respectfully request this Court to sentence Mr. Clifford appropriately under these circumstances which we believe should be no more than 6 months of imprisonment. Mr. Clifford will also ask this Court to stay the mittimus so that he can self-surrender to the facility designated by the Bureau of Prisons.

DATED: Honolulu, Hawaii, _____APR 2 5 2005_____.

_____
JERRY I. WILSON
Attorney for Defendant
LARRY CLIFFORD (03)

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing will be duly mailed or delivered to the following persons at their last known addresses upon filing and receipt of said document:

**KENNETH M. SORENSON**
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard, Box 50183
Honolulu, Hawaii 96850

Attorney for Plaintiff
  UNITED STATES OF AMERICA

**ANNE M. SHIMOKAWA**
United States Probation Office
PJKK Federal Building, Room C-110
300 Ala Moana Boulevard, Box 50111
Honolulu, Hawaii 96850

United States Probation Officer

DATED: Honolulu, Hawaii, APR 25 2005.

_____
JERRY I. WILSON
Attorney for Defendant
  LARRY CLIFFORD (03)